IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHAN D. SMITH,
            Petitioner,

     vs.                                     No. 18-3090-JTM

SAM CLINE, Warden,
     El Dorado Correctional Facility,
            Respondent.[1]

MEMORANDUM AND ORDER

This matter is before the court on Nathan Smith's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Smith pled guilty to aggravated indecent liberties with a child in violation of K.S.A. 21-5506, on April 16, 2013 in District Court of Bourbon County, Kansas. The District Court sentenced Smith to life with a mandatory minimum term of imprisonment of 25 years, lifetime sex offender registration, and lifetime post-release supervision. (R. Vol. IX, 6–7.) Smith appealed.

On September 5, 2014, the Kansas Court of Appeals affirmed Smith's sentence, but vacated the district court's order of lifetime post-release supervision. *State v. Smith*, 2014 WL 4435907 (Case No. 110,846) (Kan. Ct. App. 2014) (unpub.) (*Smith I*). The Kansas Supreme Court denied review on July 21, 2015.

---

[1] The court substitutes as defendant the current warden for the El Dorado Correctional Facility.

On April 16, 2015, Smith filed a motion for post-conviction relief under K.S.A. 60-1507. The District Court denied Smith's motion on September 22, 2015, and the Court of Appeals affirmed on August 4, 2017. *Smith v. State*, 2017 WL 3327091 (Case No. 116,220) (Kan. Ct. App. 2017) (Smith II). The Kansas Supreme Court denied review on March 29, 2018.

Smith argues in his Petition that his constitutional rights were violated because his sentence is too long, and because his trial and appeal attorneys were ineffective.

In the present proceeding, the court presumes the validity of the state court's factual findings, in the absence of clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254 (e)(1); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004). The court has carefully reviewed the evidentiary record from the state trial, and finds no substantial evidence demonstrating the factual findings of the state court were untrue. Those findings were accurately summarized by the Kansas Court of Appeals in its 2017 opinion in *Smith II*. The court adopts and incorporates herein the factual findings in *Smith II* (2017 WL 3327091, at *1–7) relating to the charges and evidence against Smith; as well as the events which occurred during the plea agreement and hearing, the sentencing, the post-sentencing motions and procedure, the direct appeal, and the subsequent motion arguing ineffective assistance of counsel.

A federal court reviews a state prisoner's challenge to matters decided in state court proceedings pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "requires federal courts to give significant deference to state court

decisions" on the merits. *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013). A federal court may not grant a state prisoner habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the prisoner can show that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Clearly established law" refers to the Supreme Court's holdings, as opposed to its dicta. *Lockett*, 711 F.3d at 1231. A state court decision is "contrary to" the Supreme Court's clearly established precedent "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (quotations omitted).

With respect to allegations of ineffective assistance of counsel, the federal court may grant relief "only when the petitioner shows 'there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 21204) (citing *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 674 (2011)). Even a "strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in state court and based on a factual determination will not be overturned on

factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003).

Smith's first claim, that his sentence of life imprisonment with a mandatory term of 25 years imprisonment violates the Eighth Amendment,[2] was expressly addressed by the Kansas Court of Appeals in *Smith I*. The court cited the recent decision of the Kansas Supreme Court in *State v. Ruggles*, 297 Kan. 675, 685-88, 304 P.3d 338 (2013), in which the court held (based on its interpretation of United States Supreme Court precedent) that a life sentence with a mandatory minimum term of 25 years was constitutional. 297 Kan. at 685–88. The court found that although onerous, the defendant's sentence was "not as severe as the death penalty or a life sentence without the possibility of parole — the only types of sentences that the United States Supreme Court has thus far found categorically disproportionate and, therefore, unconstitutional when imposed in certain contexts not applicable here." *Id.* at 687.

The *Ruggles* decision, and the Court of Appeals application of the decision in *Smith I*, are not contrary to any Supreme Court precedent, and are not an unreasonable application of a Supreme Court decision. To the contrary, the Supreme Court has held that the Eighth Amendment only contains a proportionality principle in regards to the death penalty and life without parole. *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Floor debates from the First Congress and state ratifying

---

[2] Smith also cites Article 9 of the Kansas Constitution, but that provision is not a federal right, and cannot support a federal habeas claim. *See Estelle v.; McGuire*, 502 U.S. 62, 67-68 (1991).

conventions "confirm[] the view that the cruel and unusual punishments clause was directed at prohibiting certain methods of punishment," not the severity. *Id*. at 979. Because the petitioner has not pointed to any contrary Supreme Court precedent, or demonstrated how the conclusion of the Kansas Court of Appeals was an unreasonable application of existing law, his Eighth Amendment cannot be sustained.[3]

Although Smith's allegations of ineffective assistance of counsel are somewhat confused, the court agrees with the State that these allegations focus on the contentions that counsel was ineffective in presenting his Motion to Withdraw the Plea, and failed to adequately explain his  rights and the wisdom of accepting the plea agreement. Smith's claims of ineffective assistance of counsel were discussed at length in *Smith II*. The Court of Appeals rejected these claims, finding no substantial evidence that trial counsel was deficient in his representation, and there was no reason for believing any deficiency (if it existed) caused prejudice. 2017 WL 3327091, at *8-9. d.

The court finds Smith has failed to demonstrate any violation of his rights with respect to his various arguments that his attorneys were constitutionally ineffective. Here, the Kansas Court of Appeals applied the controlling federal standard for reviewing such claims, and determined the claims failed to meet that standard. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Further, in the present review, as noted earlier, the AEDPA essentially widens the leeway for state courts in reaching

---

[3] Smith in fact won a partial victory in *Smith I*, in that the Court of Appeals struck down that portion of his sentence requiring lifetime post-release supervision.

case-by-case determinations as to the effectiveness of counsel, *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014), as such claims are essentially subject to "doubly deferential" review. *Woods v. Etherton*, ___ U.S. ___, 136 S.Ct. 1149, 1151, 194 L.Ed.2d 333 (2016); *Cullen v. Pinholster*, 563 U.S. 170, 189-90 (2011).

The Court of Appeals rejected on the merits Smith's allegations that his trial counsel failed to adequately present his motion to withdraw his plea or suffered from a conflict of interest. Nor was there evidence in the state court records which would support the conclusion that the findings in *Smith II* were unreasonable. There is simply nothing in the record to support the present claim that his attorney merely filed a "bogus" motion. But even if the motion was deficient, the petitioner has utterly failed to demonstrate any prejudice. Smith's initial attorney caused no prejudice because the court appointed Smith a new attorney, who could have prepared an amended motion or pursued any issues Smith wanted, but Smith voluntarily withdrew his motion at the hearing after speaking with his new attorney. Further, with the appointment of a new counsel, any potential conflict of interest on the part of the first was rendered moot. Given the voluntary withdrawal of the motion to withdraw the guilty plea, see 2017 WL 3327091 at *9, Smith suffered no prejudice.

The court reaches a similar conclusion with respect to Smith's claims that his attorney failed to explain the rights he would waive by pleading guilty, failed to advise Smith that going to trial was the better strategy, and manipulated him into signing the plea. The conclusion of the Kansas Court of Appeals in *Smith II* that that his attorney

was not constitutionally ineffective was not contrary to, nor did it unreasonably apply, any United States Supreme Court precedent.

The Kansas Court of Appeals found Smith's ineffective assistance of counsel claim relating to the plea was "not supported by substantial, competent evidence." 2017 WL 3327091, at *9. The District Court rejected Smith's claim that he did not understand what was happening, and the Court of Appeals found no reason to reach a contrary conclusion. Smith's trial attorney testified at the hearing, stating he "chose to move through the plea agreement with Smith in a careful and meticulous fashion" to ensure he understood it. Smith's attorney testified that he explained the plea agreement line-by-line, explaining the meaning of each section of the agreement. After each section, he asked if Smith had any questions and asked him he understood the meaning. The District Court stated the attorney's "methods were an example to other defense attorneys." *Id.*

The District Court also took care to protect Smith's rights, carefully questioning him (after placing him under oath) before accepting the plea. The court asked about Smith's education and found it satisfactory. Smith expressly stated that he understood everything contained in his plea agreement. He testified he understood his trial rights and that he waived those rights by accepting the plea agreement. The court asked if Smith understood he was admitting guilt, and informed him of the mandatory sentence. Smith testified he understood. answered that he understood and admitted that count of conviction was true. He stated he was satisfied with his attorney.

According to the attorney's credible testimony, Smith never indicated to him that any failure to understand any portion of the plea agreement.

> The Court of Appeals concluded:
>
> The record on appeal does not support Smith's contention that he was impaired to the degree that he did not understand the consequences of entering into the plea agreement. Under the totality of these circumstances, Smith did not demonstrate that Myers was deficient in his representation. Unable to demonstrate deficiency, Smith cannot establish prejudice.

*Id.*

This conclusion followed from a correct rule of law[4] and in light of the facts in the record. The issue is not whether Smith now regrets his decision, but "whether [his] counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397U.S. 759, 771 (1970)). The Kansas courts noted the absence of credible evidence to support Smith' claims of lack of understanding or incapacitation. The defendant's attorney and the District Court took care to ensure that Smith did understand what was happening.

Given the evidence, the Court of Appeals was not unreasonable in concluding that trial counsel was not ineffective. Further, the petitioner has failed to show that the

---

[4] The Court of Appeals denied Smith's ineffective assistance of counsel claim because it found no substantial evidence to support his claim that "he did not knowingly and voluntarily enter into his guilty plea. 2017 WL 3327091, at *9. This is consistent with federal law. *See Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).("[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked").

actions of trial counsel prejudiced him. After assuring the District Court that he understood his rights and the consequences of his decision, Smith admitted he was guilty of Count III. There is no credible evidence in the record which would show that going to trial on all four counts of child abuse was the only reasonable and sound strategy, or that absent some hypothetically different advice from counsel, Smith would not have pled guilty, or would otherwise have obtained a more favorable result. Recommending a plea was a legitimate strategic decision under the circumstances,[5] and Smith fails to show any credible evidence in the record indicating that his attorney forced or manipulated him into pleading guilty.

The petitioner has failed to show any constitutional deprivation with respect to the performance of his trial attorney.[6] The court finds that the same is true as to his appellate counsel.

Smith argues that his appellate counsel should have written a full brief, rather than a motion for summary disposition of sentencing appeal under Kan.Ct.R. 7.041A,

---

[5] Had Smith gone to trial and been found guilty on all four counts, he could have received consecutive life sentences with a mandatory minimum of 100 years. It was precisely to avoid this result that Smith withdrew his motion to withdraw the guilty plea. Further, in trial Smith would have faced the testimony of both the victims and his own admissions to the police. Recommending the plea was a legitimate strategy on the part of counsel.

[6] Smith also complains that his trial counsel violated the Kansas Rules of Professional Conduct, and Kansas Supreme Court Rule 901. The court need not address the allegations, as these state rules define an attorney's conduct outside the Sixth Amendment, and thus (even if proved) are not a "violation of the Constitutional or laws or treaties of the United States," subject to federal habeas relief. 22 U.S.C. 2254(a).

and because counsel in the direct appeal did not raise the ineffectiveness of the trial attorney. The court finds neither argument would support the relief sought. With respect to the first, Smith has failed to show that counsel's performance was deficient merely because the arguments were submitted to the Court of Appeals in the form of a motion rather than a "brief."[7] Further, even assuming a deficiency, Smith suffered no prejudice. As noted earlier and as the Court of Appeals noted, direct precedent existed which rejected Smith's Eighth Amendment claim. *See Ruggles*, 297 Kan. at 688.

Similarly, the decision not to argue ineffective assistance of counsel in the direct appeal was not a violation of petitioner's rights. A decision not to argue an issue on appeal is deficient only if "that claim was plainly stronger than those actually presented to the appellate court." *Davila v. Davis*, ___ U.S. ___, 137 S.Ct. 2058, 2067, 198 L.Ed.2d 603 (2017). For the reasons identified previously, Smith's claims of ineffective trial counsel are purely conclusory, unsupported by evidence in the record, and are contradicted by the careful procedures employed by both his attorney and the District Attorney to make sure that his plea was knowing and voluntary. Appellate counsel reasonably chose which issues to emphasize, and met with partial success. Further, ineffective assistance of counsel in Kansas generally cannot be raised in a direct appeal, and is raised instead by a collateral K.S.A. 60-1507 motion. *See Kansas v. Fulton*, 292 Kan. 642, 651–52, 256 P.3d 838 (2011). Accordingly, counsel in the direct appeal was not

---

[7] The artificial distinction between a motion and brief is demonstrated by the fact that motion filed by Smith's appellate counsel was in fact successful in part, with the Court of Appeals striking that part of the sentence mandating lifetime post-release supervision.

10

deficient in performance, and in any event the petitioner has again failed to show any prejudice from that performance.

Because the petitioner has not shown his constitutional rights were violated in the Kansas state court proceedings by a decision contrary to, or which involved an unreasonable application of, clearly established United States Supreme Court precedent, or a decision based on an unreasonable determination of the facts in light of the evidence presented, his request for relief under 28 U.S.C. § 2254 is denied.

IT IS SO ORDERED this day of October, 2020, that the Petition for Habeas Corpus (Dkt. 1) is hereby denied.

_J. Thomas Marten_
J. Thomas Marten, Judge